| PROB 22<br>(D\CO 01/03) | | U. STATES DISTRICT COURT<br>~ENVER, COLORADO<br><br>APR – 6 2005<br><br>⊢ :30RY C. LANGHAM | DOCKET NUMBER<br>00-CR-355-S |
|---|---|---|---|
| **TRANSFER OF JURISDICTION** | | | DOCKET NUMBER<br>*05 CR 99 D*<br>FILED<br>U.S. DISTRICT COURT<br>DISTRICT OF WYOMING<br><br>MAY 1 1 2005<br><br>Betty A. Griess, Clerk<br>Cheyenne |

| NAME AND ADDRESS OF<br>PROBATIONER/SUPERVISED RELEASEE:<br><br>REX LEVI RABOU<br>Albin, Wyoming | DISTRICT<br>District of Colorado | |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br>Daniel B. Sparr | |
| | DATES OF PROBATION/<br>SUPERVISED  RELEASE: | FROM<br>02/16/03    TO<br>02/15/06 |

**OFFENSE**
Possession of an Unregistered Firearm (Destructive Device-Pipe Bomb)
18 U.S.C. §§ 5841, 5861(d) and 5871

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  District of Colorado

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Wyoming upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

3/16/05
_____
*Date*

_____
*Senior United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  Wyoming

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised release be accepted and assumed by this Court from and after the entry of this order.

3/28/05
_____
*Effective Date*

_____
*United States District Judge*

APR 2 4 2001

FILED
UNITED STATES DISTRICT COU
DENVER, COLORADO

# UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

APR 24 2001

JAMES R. MANSPEAKER
CLERK

05CR99D

UNITED STATES OF AMERICA

v

REX LEVI RABOU

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: 00-CR-355-S

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 1 1 2005

Warren R. Williamson, AFPD
(Defendant's Attorney)

William L. Taylor
(Assistant United States Attorney)

Betty A. Griess, Clerk
Cheyenne

**THE DEFENDANT:** Pleaded guilty to Counts I and II of the Indictment.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 26 U.S.C. §§ 5841, 5861(d) and 5871 | Possession of an Unregistered Firearm (Destructive Device-Pipe Bomb) | 06/25/00 | I |
| 26 U.S.C. §§ 5841, 5861(d) and 5871 | Possession of an Unregistered Firearm (Destructive Device-Pipe Bomb) | 07/18/00 | II |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts III and IV of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. Number: **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**

04/19/01
Date of Imposition of Judgment

Defendant's Date of Birth: **08/01/75**

Defendant's USM No.: **16616-047**

Signature of Judicial Officer

Defendant's Residence Address:
**Federal Detention Center (Englewood)**
**9595 West Quincy Avenue**
**Littleton, Colorado 80123**

Daniel B. Sparr, U.S. District Judge
Name & Title of Judicial Officer

Defendant's Mailing Address:
**Same**

4/23/01
Date

DEFENDANT: REX LEVI RABOU
CASE NUMBER: 00-CR-355-S

Judgment-Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 35 months on Count I and 35 months on Count II to run concurrently with Count I.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

EOD
.ITED STATES DISTRICT C
DENVER, COLORADO

APR 2 5 2001

JAMES R. MANSPEAKE
Cl⌐

UNITED STATES MARSHAL

By_____
Deputy U.S. Marshal

DEFENDANT: REX LEVI RABOU
CASE NUMBER: 00-CR-355-S

Judgment-Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years on Count I and three (3) years on Count II to run concurrently with Count I.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The drug testing condition required by 18 U.S.C. § 3583(d) is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

DEFENDANT:  REX LEVI RABOU
CASE NUMBER:  00-CR-355-S

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)  the defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

None.

DEFENDANT: REX LEVI RABOU
CASE NUMBER: 00-CR-355-S

Judgment-Page 5 of 7

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| I | $100.00 | $0.00 | $0.00 |
| II | $100.00 | $0.00 | $0.00 |
| Totals: | $200.00 | $0.00 | $0.00 |

DEFENDANT:  REX LEVI RABOU
CASE NUMBER:  00-CR-355-S

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the fine and other criminal monetary penalties shall be due as follows:

In full immediately.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.

DEFENDANT:  REX LEVI RABOU
CASE NUMBER:  00-CR-355-S

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

Total Offense Level:  22

Criminal History Category:  II

Imprisonment Range:  46 to 57 months

Supervised Release Range:  2 to 3 years

Fine Range:  $7,500 to $75,00

    Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  None

The sentence departs from the guideline range upon motion of the government, as a result of defendant's substantial assistance.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


CERTIFICATE OF MAILING


Case No.  01-CR-355-S                                    April 24, 2001

Copies of this Judgment and Commitment order were served by delivery or depositing
the same in the United States mail, postage prepaid, addressed to the persons listed
below.

U.S. Marshal
(3 certified copies, 1 non-certified)

William Taylor
Assistant U.S. Attorney

U.S. Probation
(2 certified copies, 1 non-certified)

Pretrial Services

Warren R. Williamson
Assistant Federal Public

Financial Litigation Unit
U.S. Attorney's Office

Carol Henderson
Financial Deputy

Judge Sparr

                                    JAMES R. MANSPEAKER, Clerk

                                    By: _____
                                         Deputy Clerk

TERMED

**U.S. District Court**
**District of Colorado (Denver)**
**CRIMINAL DOCKET FOR CASE #: 1:00-cr-00355-DBS-ALL**
**Internal Use Only**

*05CR99D*

Case title: USA v. Rabou
Magistrate judge case number: 1:00-mj-01236

Date Filed: 08/10/2000

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 11 2005

Betty A. Griess, Clerk
Cheyenne

Assigned to: Judge Daniel B. Sparr

---

**Defendant**

**Rex Levi Rabou** (1)
*TERMINATED: 04/19/2001*

represented by **Warren Richard Williamson**
Federal Public Defender's Office-Colorado
633 17th Street
#1000
Denver, CO 80202
U.S.A
303-294-7002
*TERMINATED: 04/19/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Pending Counts**

26:5841.F Possession of an unregistered firearm
(destructive device)
(1-2)

**Disposition**

deft shall be impr. for 35 mos. per ct. concur.; 3 yrs.
sup. rel.; $100 to CVF due immediately; deft
remanded;

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

26:5812.F Transfer of unregistered firearm
(destructive device)
(3-4)

**Disposition**

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

**Plaintiff**

**USA**
*TERMINATED: 04/19/2001*

represented by **William Lewis Taylor**
United States Attorney's Office-Denver Colorado
1225 17th Street

#700
Denver, CO 80202
U.S.A
303-454-0100
Fax: 454-0404
*TERMINATED: 04/19/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/31/2000 | 1 | COMPLAINT against Rex Levi Rabou signed by Magistrate Judge Patricia A. Coan AUSA William J. Taylor [ 1:00-m -1236 ] (former empl) (Entered: 08/03/2000) |
| 07/31/2000 | 2 | ARREST Warrant issued for Rex Levi Rabou by Magistrate Judge Patricia A. Coan [ 1:00-m -1236 ] (former empl) (Entered: 08/03/2000) |
| 07/31/2000 | 3 | MOTION to seal case by USA as to Rex Levi Rabou [ 1:00-m -1236 ] (former empl) (Entered: 08/03/2000) |
| 07/31/2000 | 4 | ORDER by Magistrate Judge Patricia A. Coan granting motion to seal case [3-1] with the exception of authorized representatives of the AUSA, for CO,WY,NE and special agents of the Bureau of Alcohol, Tobacco and Firearms until the arrest of the deft. [ 1:00-m -1236 ] (former empl) (Entered: 08/03/2000) |
| 08/03/2000 | 5 | ARREST Warrant returned executed as to Rex Levi Rabou on 8/3/00 deft arrested in Kimball, NE [ 1:00-m -1236 ] (former empl) (Entered: 08/03/2000) |
| 08/07/2000 | 6 | ARREST Warrant returned executed as to Rex Levi Rabou on 8/2/00 [ 1:00-m -1236 ] (former empl) (Entered: 08/09/2000) |
| 08/10/2000 | 7 | INDICTMENT by USA Counts filed against Rex Levi Rabou (1) count(s) 1-2, 3-4 (former empl) (Entered: 08/11/2000) |
| 08/15/2000 | 8 | REMOVAL Documents received from District of Nebraska as to defendant Rex Levi Rabou: docket sheet, court minutes, Order Apptg. counsel, Entry of Appearance of counsel, Waiver of Rule 40 Hearings (ecm) (Entered: 08/16/2000) |
| 09/06/2000 | | ARREST of defendant Rex Levi Rabou on 9/6/00 (ecm) (Entered: 09/08/2000) |
| 09/06/2000 | 10 | COURTROOM MINUTES OF INITIAL APPEARANCE before Magistrate Judge O. E. Schlatter; initial appearance of Rex Levi without counsel; ORDER: appointing federal public defender as to Rex Levi Rabou; ORDER: detention, arraignment and discov. conf. set for 11:00 9/11/00 for Rex Levi Rabou before Magistrate Judge O. E. Schlatter ; Court Reporter: Tape 00-171 (ecm) (Entered: 09/08/2000) |
| 09/06/2000 | 11 | CJA Form 23 (Financial Affidavit) as to Rex Levi Rabou (ecm) (Entered: 09/08/2000) |
| 09/07/2000 | 9 | ENTRY OF APPEARANCE for defendant Rex Levi Rabou by Attorney Warren Richard Williamson (ecm) (Entered: 09/08/2000) |
| 09/07/2000 | 12 | ORDER by Magistrate Judge O. E. Schlatter as to Rex Levi Rabou for Appointment of Public Defender (ecm) (Entered: 09/08/2000) |
| 09/11/2000 | 13 | COURTROOM MINUTES OF DETENTION HEARING before Magistrate Judge Bruce D. Pringle; deft Rex Rabou present w/counsel; witnesses; ORDER: govts mtn for deten. is GRANTED; deft shall be detained pending final resolution of this case; 90 day custody limit 12/5/00; deft remanded; Court Reporter: Tape 00-173-173 (ecm) (Entered: 09/13/2000) |
| 09/11/2000 | 14 | COURTROOM MINUTES OF ARRAIGNMENT/DETENTION/DISCOVERY before Magistrate Judge Bruce D. Pringle; dft Rex Levi Rabou arraigned; NOT GUILTY plea entered; Attorney present; 30 day min to trial 10/11/00; 70 day max to trial 11/5/00; discov. rpt. executed; deft |

| | | |
|---|---|---|
| | | remanded Court Reporter: Tape 00-173 (ecm) (Entered: 09/13/2000) |
| 09/11/2000 | 15 | DISCOVERY HEARING REPORT before Magistrate Judge Bruce D. Pringle; 3-4 estimated trial days as to Rex Rabou (ecm) (Entered: 09/13/2000) |
| 09/12/2000 | 16 | ORDER of Detention by Magistrate Judge Bruce D. Pringle as to Rex Levi Rabou (ecm) (Entered: 09/13/2000) |
| 09/29/2000 | 17 | NOTICE OF TRIAL SETTING; jury trial set for 9:00 10/30/00 for Rex Levi Rabou ; trial preparation conference set for 4:00 10/26/00 for Rex Levi Rabou (ecm) (Entered: 10/02/2000) |
| 10/03/2000 | 18 | MOTION For Declaration of Complexity or for a Finding Under 3161(h)(8)(B)(iv) That the Interests of Justice Require That the Case Be Set For Trial Outside the Normal Limits Provided for Under the Speedy Trial Act by Rex Levi Rabou (ecm) (Entered: 10/04/2000) |
| 10/03/2000 | 19 | MINUTE ORDER before Judge Daniel B. Sparr; regarding [18-1] Motion For Declaration of Complexity or for a Finding Under 3161(h)(8)(B)(iv) That the Interests of Justice Require That the Case Be Set For Trial Outside the Normal Limits Provided for Under the Speedy Trial Act, a hearing set for 3:00 10/10/00 for Rex Levi Rabou (ecm) (Entered: 10/05/2000) |
| 10/10/2000 | 20 | COURTROOM MINUTES OF HEARING ON MOTION FOR DECLARATION OF COMPLEXITY before Judge Daniel B. Sparr; ORDER: GRANTING Motion For Declaration of Complexity or for a Finding Under 3161(h)(8)(B)(iv) That Interests of Justice Require That the Case Be Set For Trial Outside the Normal Limits Provided for Under the Speedy Trial Act [18-1] as to Rex Levi Rabou; jury trial is reset to 1/29/01 for Rex Levi Rabou; trial preparation conference reset to 3:00 1/26/01 for Rex Levi Rabou ; pretrial motions due 12/15/00; responses due 1/1/01 Court Reporter: Suzanne Claar (ecm) (Entered: 10/11/2000) |
| 10/12/2000 | 21 | CONTINUANCE ORDER per 18:3161 by Judge Daniel B. Sparr; GRANTING [18-1] Motion For Declaration of Complexity or for a Finding Under 3161(h)(8)(B)(iv); jury trial set for 1/29/01 for Rex Levi Rabou ; trial preparation conference set for 3:00 1/26/01 for Rex Levi Rabou ; pretrial motions set for 12/15/00 for Rex Levi Rabou , (ecm) (Entered: 10/13/2000) |
| 12/21/2000 | 22 | NOTICE of address change by USA (former empl) (Entered: 12/22/2000) |
| 01/16/2001 | 23 | NOTICE OF DISPOSITION by Rex Levi Rabou (ecm) (Entered: 01/17/2001) |
| 01/25/2001 | 24 | MINUTE ORDER before Judge Daniel B. Sparr; the jury trial and trial preparation conference are VACATED; a change of plea hearing set for 1:30 2/8/01 for Rex Levi Rabou (ecm) (Entered: 01/26/2001) |
| 02/08/2001 | 25 | STATEMENT IN ADVANCE OF PLEA OF GUILTY by Rex Levi Rabou (ecm) (Entered: 02/12/2001) |
| 02/08/2001 | 26 | PLEA Agreement (SEALED) as to Rex Levi Rabou (ecm) (Entered: 02/12/2001) |
| 02/08/2001 | 27 | COURTROOM MINUTES OF CHANGE OF P[LEA before Judge Daniel B. Sparr; GUILTY plea entered to cts. 1 & 2 by Rex Levi Rabou; sentencing hearing set for 8:30 4/19/01 for Rex Levi Rabou; ORDER: motion to seal plea agreement is GRANTED Court Reporter: Suzanne Claar (ecm) Modified on 02/12/2001 (Entered: 02/12/2001) |
| 02/08/2001 | 28 | MOTION To Seal Motion, Order and Plea Agreement [26-1] (SEALED) by Rex Levi Rabou (ecm) (Entered: 03/13/2001) |
| 03/13/2001 | 29 | ORDER by Judge Daniel B. Sparr GRANTING Motion To Seal Motion, Order and Plea Agreement [26-1] (SEALED) [28-1] (ecm) (Entered: 03/13/2001) |
| 03/13/2001 | 30 | MINUTE ORDER before Judge Daniel B. Sparr; sentencing hearing set for 8:30 4/19/01 for Rex Levi Rabou (ecm) (Entered: 03/13/2001) |
| 03/15/2001 | 31 | CERTIFICATE of Mailing from probation that the PSI was mailed this date. (former empl) (Entered: 03/16/2001) |
| 04/11/2001 | 32 | Sentencing Letter; the addendum to the PSI sent to counsel of record by prob. re Rex Rabou (ecm) |

| | | |
|---|---|---|
| | | (Entered: 04/12/2001) |
| 04/18/2001 | 36 | MOTION For Order (SEALED) by USA regarding Rex Levi Rabou (ecm) (Entered: 04/27/2001) |
| 04/18/2001 | 37 | MOTION To Seal [36-1] Motion For Order (SEALED) by USA regarding Rex Levi Rabou (ecm) (Entered: 04/27/2001) |
| 04/19/2001 | 33 | COURTROOM MINUTES OF SENTENCING before Judge Daniel B. Sparr; sentencing Rex Levi Rabou on counts 1-2; deft shall be impr. for 35 mos. per ct. concur.; 3 yrs. sup. rel.; $100 to CVF due immediately; deft remanded; case terminated, Court Reporter: Suzanne Claar (ecm) (Entered: 04/23/2001) |
| 04/19/2001 | 34 | MOTION To Dismiss Counts by USA regarding Rex Levi Rabou (ecm) (Entered: 04/23/2001) |
| 04/19/2001 | | Docket Modification (Utility) GRANTING Motion To Dismiss Counts [34-1]; see sentencing minutes this date (ecm) (Entered: 04/23/2001) |
| 04/24/2001 | 35 | JUDGMENT and Commitment signed as to Rex Levi Rabou by Judge Daniel B. Sparr; eod 4/25/01 (copies distrib) (ecm) (Entered: 04/25/2001) |
| 04/27/2001 | 38 | ORDER by Judge Daniel B. Sparr; counts III and IV of the Indictment are dismissed. (Cert of Mailing) (former empl) (Entered: 04/30/2001) |
| 04/27/2001 | 39 | ORDER by Judge Daniel B. Sparr GRANTING Motion To Seal [36-1] Motion For Order (SEALED) [37-1] (Cert of Mailing) (ecm) (Entered: 05/03/2001) |
| 05/08/2001 | 40 | ARREST Warrant returned executed as to Rex Levi Rabou on 8/2/00 (ecm) (Entered: 05/10/2001) |
| 05/10/2001 | 41 | JUDGMENT and Commitment returned executed on 5/8/01 as to Rex Levi Rabou; deft delvd to FCI, Englewood, CO (ecm) (Entered: 05/14/2001) |
| 10/31/2003 | | Docket Modification (Utility) per chambers finding the motion For Order (SEALED) [36-1] moot (former empl) (Entered: 10/31/2003) |
| 04/06/2005 | 42 | Probation Jurisdiction Transferred to Wyoming as to Rex Levi Rabou Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (klt, ) (Entered: 05/09/2005) |
| 05/09/2005 | 43 | Transfer of jurisdiction Documents Sent To District of Wyoming (klt, ) (Entered: 05/09/2005) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2000 AUG 10 PM 5: 04

JAMES R. MANSPEAKER
CLERK

BY_____DEP. CLK

Criminal Case No.

## 00 - CR - 355 

UNITED STATES OF AMERICA,

Plaintiff,

v.

REX LEVI RABOU,

Defendant.

05CR99D

---

## INDICTMENT
26 U.S.C. §§ 5812, 5841, 5861(d) and (e), and 5871

---

## COUNT I

The Grand Jury charges that:

On or about June 25, 2000, in the State and District of Colorado, REX LEVI RABOU, defendant herein, did unlawfully and knowingly possess a firearm, to wit: a destructive device, to wit: an improvised explosive device, commonly referred to as a pipe bomb, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT II

The Grand Jury further charges that:

On or about July 18, 2000, in the State and District of Colorado, REX LEVI RABOU, defendant herein, did unlawfully and knowingly possess a firearm, to wit: a destructive

device, to wit: an improvised explosive device, commonly referred to as a pipe bomb, not

registered to him in the National Firearms Registration and Transfer Record, in violation of Title

26, United States Code, Sections 5841, 5861(d), and 5871.


## COUNT III

The Grand Jury further charges that:

On or about June 25, 2000, in the State and District of Colorado, REX LEVI

RABOU, defendant herein, did unlawfully and knowingly transfer a firearm, to wit: a destructive

device, to wit: an improvised explosive device, commonly referred to as a pipe bomb, not

registered to him in the National Firearms Registration and Transfer Record, in violation of Title

26, United States Code, Sections 5812, 5861(e), and 5871.


## COUNT IV

The Grand Jury further charges that:

On or about July 18, 2000, in the State and District of Colorado, REX LEVI

RABOU, defendant herein, did unlawfully and knowingly transfer a firearm, to wit: a destructive

device, to wit: an improvised explosive device, commonly referred to as a pipe bomb, not

registered to him in the National Firearms Registration and Transfer Record, in violation of Title

26, United States Code, Sections 5812, 5861(e), and 5871.

A TRUE BILL

_Patricia A Thacker_
FOREPERSON

THOMAS L. STRICKLAND
United States Attorney

By: WILLIAM L. TAYLOR
Assistant U.S. Attorney